IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 15-10009-02-EFM

VICTOR LINARES,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Victor Linares' "Motion for Modification of Sentence Pursuant to Title 18 United States Code Section 3582" (Doc. 139). He seeks home confinement. The government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

### I.    Factual and Procedural Background

On June 20, 2016, Defendant pleaded guilty to nine counts, including conspiracy to possess with intent to distribute methamphetamine and cocaine, use of a communication facility to facilitate the distribution of drugs, and interstate travel in aid of racketeering, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On October 4, 2016, Defendant was sentenced to 71 months' imprisonment. Defendant is 63 years old, and he is currently incarcerated at Florence FCI. He is scheduled to be released on November 4, 2021.

On December 16, 2020, Defendant filed a pro se motion seeking modification of his sentence. He specifically requested home confinement. Defendant does not give any reason for his request but presumably it is related to the COVID-19 pandemic.[1]

## II.   Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant

---

[1] District of Kansas Standing Orders 19-1 and 20-8 appoint the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act and brought on grounds related to the COVID-19 pandemic. Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.   Analysis

Defendant seeks home confinement. The government asserts that the Court has no authority to release Defendant to home confinement under the CARES (Coronavirus Aid, Relief, and Economic Security) Act. To the extent that Defendant requests home confinement under the CARES Act, the Court lacks jurisdiction. Although the CARES Act allows the BOP additional authority to grant and extend home confinement during the COVID-19 pandemic,[7] it does not grant the Court jurisdiction to grant a request.[8] Thus, the Court does not have the authority to grant Defendant's request for home confinement under the CARES Act.

---

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[7] *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, 134 Stat. 281 (enacted March 27, 2020). "[T]he CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic." *Read-Forbes*, 454 F. Supp. 3d at 1118. Section 12003(b)(2) of the CARES Act allows the Director of the BOP to lengthen the maximum amount of time a prisoner can be placed in home confinement pursuant to 18 U.S.C. § 3624(c)(2).

[8] *Read-Forbes*, 454 F. Supp. 3d at 1118 (citing *United States v. Engleson*, 2020 WL 1821797, at *1 (S.D.N.Y. 2020)); *see also United States v. Nash*, 2020 WL 1974305, at *2 (D. Kan. 2020) (noting that the court lacks jurisdiction to consider a request for home confinement under the CARES Act).

To the extent that Defendant seeks a reduction of his sentence to time-served and placement on home confinement as a condition of supervised release,[9] the Court also cannot grant such relief. Here, it is unclear whether Defendant exhausted his administrative remedies. Even if he did, Defendant presents no reason, let alone an extraordinary and compelling one, warranting a sentence reduction under § 3582(c)(1)(A). Thus, the Court denies Defendant's motion.

**IT IS THEREFORE ORDERED** that Defendant's "Motion for Modification of Sentence Pursuant to Title 18 United States Code Section 3582" (Doc. 139) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] The Court can add a special condition of home confinement to a term of supervised release when granting a compassionate release motion. *See United States v. Johnson*, 2020 WL 4284314, at *3 (D. Kan. 2020) (granting compassionate release motion and reducing sentence to time served but adding an 18-month term of home confinement as a condition of supervised release); *United States v. Lunnin*, 2020 WL 4343881, at *1 (D. Kan. 2020) (granting compassionate release to time served and adding a five-year term of home confinement as a special condition of supervised release).